The opinion of the Court was delivered by
Wardlaw, J.
Caveat, is a process well known to the spiritual Courts, and there used for various purposes. In this Court, it relates entirely to the granting of lands by the State, and has extent and application according to the statutes which gave it origin.
The Act of 1784, for establishing the mode and conditions of surveying and granting the vacant lands within this State, (4 Stat. 590, sec. 5.) directed the Governor to sign grants to be delivered to the grantees, “ provided, nevertheless, that in all cases previous to the signing of the said grants, where there shall ap *269 pear to be any fraud or collusion in the progress of the said entry, warrant and survey, the Governor and any five members of the privy council shall have power and authority to cause all parties to appear before them, and without delay in a summary manner decide in such as to justice and equity shall appertain.” v Under this provision, a practice seems to have grown up which introduced a process to which the name of caveat was given. An amendatory Act of 1785, (4 Stat. 708, sec. 7), directed that caveats should be determinable by the Governor and any cwo or more of the privy council: that there should also be three Commissioners for hearing caveats in each Circuit Court district, with power to cite parties and witnesses, hear and determine: and that “ when the case is finally determined, the Commissioners shall certify the same to the Governor, who shall sign the grant accordingly.” An Act of 1791, amendatory of the Circuit Court Act, by section 17th,. (7 Stat. 275), reciting that by reason of the alteration in the executive authority of the State, made by the Constitution of 1790, (which dispensed with the privy council,) powers given to the Governor and council could not be exercised, “vested the Judges of the Court of Common Pleas, or any one of them, in their respective districts, with the exercise of the said powers, so far as the same shall extend to hearing and determining causes in the Court of caveats; which caveats shall be entered as heretofore.”
It appears from these provisions, that the power concerning caveats is now vested in a Judge, (see Trapier vs. Wilson, 2 McC. 191): that this power is the same, and no more, which formerly belonged to the Governor and members of council, or to the three Commissioners of caveats : that it is not a power to revoke a grant, or to inquire into its validity after it has passed the great seal, (see Muse vs. Laughridge, 2 Bay, 426 ; Mounce vs. Ingram, 1 Brev. R. 55 ; De Graffinreid vs. Gregory, Harp. 443), but merely power to determine whether a grant shall be signed: and the matter to be inquired into, and the only ground for a caveat, or objection to the signing of a grant, is some “fraud or collusion in the progress of the entry, warrant or survey,” all *270 of which must precede every grant. The signing of a grant appears to be the result of a determination upon a case of caveat; and contending applicants for the same land seem to be the fatties between whom the decision is to be made, before the right of the State is granted to either. (See Mounce vs. Ingram, 2 Bay, 454 ; Thornhill ads. Sansbury, 1 N. & McC. 345 ; Kent vs. Carwell, 1 Brev. R. 30.
In Trapier vs. Wilson, (2 McC. 191,) upon a caveat, a certificate against a grant was signed because the land for which the grant was sought had been previously granted and was not vacant; but the case turne I wholly upon the propriety of the Judge’s referring the facts to a jury, and upon questions of location. The sufficiency of the grant, which had been suggested, rvas not at all considered.
It has been urged here, that the allegation of a previous grant is in effect the allegation of a fraud, as only vacant land can be granted, and the statutes on the subject shew that the surveying under a warrant of land known to have been previously granted to another person, is forbidden and regarded as fraudulent. It will be observed that by the statement of this proposition, knowledge of the previous grant is admitted to be essential. But if a Judge is to employ the time of a Circuit Court in hearing a suggestion for caveat on this ground, is he to listen to every officious intermeddler, who, without any interest in the matter, may suggest an older grant, or is he to require him who suggests to show title under the older grant? If the former, the proceeding, wholly anomalous in a Court of. Law, would become like certain proceedings in rem had in other Courts, where that, which, if done, would be binding on the whole world until it was revoked, is stayed for proof at the instance of any one who will suggest cause ; and, in analogy, it should follow that a decision, in favor of the grant sought, would be binding upon the former grantee, and all other persons. If the latter, the trial of the relator’s title, under the alleged older grant, would be a necessary preliminary to a decision concerning the new grant sought, and the very proof rvhich would be necessary to the relator’s success, *271 would show that the new grant, against which he was straggling, could do him no harm. If a Judge, alone or with the aid of a jury, could, sitting in a Court of caveats, enter upon this trial, the applicant for the new grant would be concluded by the award of the caveat; but there would be no mutuality, for the refusal of the caveat could not in any way impeach the old grant, or any title derived from it. The grounds upon which the suggestion was quashed on the circuit, and which are stated in the report, will, upon careful examination, be found correct.
They are confirmed, rather than shaken, by a reference to the legislation concerning grants taken for lands before granted, An Act of 1794, (5 Stat. 234), was intended to guard against the mischief of speculators obtaining new grants for lands which had been previously granted, “ with a view to deceive and cheat unwary foreigners by sales of such pretended vacant lands ” The second section, providing remedy for cases where surveys had then been made, which knowingly and wilfully embraced lands before granted, without the same being marked and noted, authorized the proprietor under a previous grant to bring an action of trespass against the grantee of the subsequent grant, and required the Court, upon pioper proof made, to declare the subsequent grant, and every part thereof, to be fraudulent and void, and to award to the plaintiff damages and treble costs. It seems not to have been considered that where the subsequent grant was not yet made, it could be arrested by caveat: but a different and special remedy was provided for the grants then in progress, which extended to the parts of the new grant, not interfering with the old, the invalidity that upon general principles attached to the parts wherein there was interference.
The suggestion presupposes that the relator can make proof of the older grant. If he can, we can imagine no case in which a caveat upon the sole ground of such older grant having been made, would not inter partes be unnecessary or futile, pragmatical or expensively superfluous. By other and better means may a claimant under the older grant, obtain all that a caveat could give him, whether he can prove his title or not. For the public, *272 it is desirable that the ignorant and unwary should be protected against the show of title which every document clothed with the forms of State authority is calculated to exhibit, and which a grant of land before granted falsely exhibits: and, further, that those who turn such a grant to fraudulent ends, should be punished; and that the State should be saved from the scandal of having its most solemn forms degraded or abused. But for these purposes the Court of caveats was not intended and is wholly unsuited. Its interference upon the ground of an older grant in the few cases where private interests would bring the matter to its notice, would but serve to increase the public mischief, by giving greater credit to the grants taken for lands before granted, in the many other cases which would pass without notice. Most persons do understand, and all should, that a grant of land is the act of the grantee rather than of the State;, that it is obtained by any one who will comply with certain requisites and pay certain fees, and that where the land can be shewn to have been previously granted, it is a grant merely void, carrying nothing, and as color of title or evidence of the extent of a possession, is no more effective than would be a deed or mere survey accompanied by claim.
The motion is dismissed.
Evans, Withers and Whitner, JJ. concurred.